IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       No. CV 15-0585 RB/KBM
                                            CR 12-2900 RB

LUIS ALBERTO SEPULVEDA,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant's Petition to Show Cause Why § 2255 Motion Should Not be Dismissed as Untimely (CV Doc. 4; CR Doc. 26) (the "response"). As noted in the Court's order to show cause, Defendant filed his § 2255 motion approximately twenty-seven months after his conviction became final. In his response, Defendant again asserts that his status as a removable alien and the unusually harsh conditions of confinement, as well as the conditions that he expects to encounter when he is again deported, warrant reduction of his sentence. He contends that, under § 2244(d)(1)(D), a newly discovered factual predicate for his claims and new evidence require that his § 2255 motion should be considered timely. He also asserts that the limitations period should be equitably tolled because he has diligently pursued post-conviction relief, he is ignorant of applicable law, and his prison's law library is inadequate. The Court will dismiss Defendant's § 2255 motion.

Defendant's asserted grounds under § 2244(d)(1)(D) do not support a finding that his § 2255 motion was timely filed. The applicable language of § 2244(d)(1)(D) states that "[t]he limitation period shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Defendant makes no allegation that he was unaware of his removable status or other conditions when, or very soon

after, he was sentenced, long before the original limitations period expired. The Court also notes that the language of § 2244(d)(1)(D) makes no reference to new evidence. Defendant's allegations do not implicate the "restart" provisions of § 2244(d)(1)(D).

Defendant's equitable tolling argument is equally unavailing. He makes no factual allegation to demonstrate his diligent pursuit of relief from his sentence. And his allegations of ignorance of the law and inadequate law library do not excuse his failure to timely file his § 2255 motion. *See Washington v. United States*, No. 99-3383, 2000 WL 985885, at **2 (10th Cir. July 18, 2000) (denying tolling for inability to obtain transcripts); *and cf. Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying tolling for lack of access to legal materials). The Court will dismiss Defendant's § 2255 motion.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion For Reduction of Sentence Pursuant to 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 23) filed on July 6, 2015, is DISMISSED with prejudice; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE